UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASKIM, LLC and, <br> PACMAN PROPERTIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CARVER BIBLE COLLEGE, INC., <br><br> Defendant. | Case No. 1:22-cv-01864-MLB |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING DEFENDANT'S CLAIM TO AMEND ITS ANSWER TO ADD COUNTERCLAIMS FOR UNJUST ENRICHMENT AND CONVERSION**

**COMES NOW,** Defendant CARVER BIBLE COLLEGE, INC., (hereinafter referred to as "the Defendant" or "the College") and files this its Motion for Reconsideration of the Court's Order Dismissing Defendant's Claim to Amend its Answer to add Counterclaims for Unjust Enrichment and Conversion [Doc. 46-1] showing the following:

**I.   BACKGROUND**

Carver Bible College, Inc., is a non-profit Christian education organization that operates a small bible college in south Fulton County, Georgia. Beginning in 2017 the College took a series of very high interest rate loans from Plaintiff, Pacman Properties, LLC (Pacman).  On August 12, 2022, the Defendant filed a

Motion for Leave to Amend Answer, Defenses and Counterclaims [Doc. 26]. The Court denied the motion. [Doc. 46-1]. Included within the motion was a request to allow the Defendant to add a counterclaim for Unjust Enrichment and Conversion. The Defendant's allegation was that certain escrowed funds had been converted by the Plaintiff, Pacman, and thereby unjustly enriched the Plaintiff Pacman when it converted the funds to its own use. [Doc. 27, at ¶¶ 48-53 and ¶¶ 64-74].

The law firm of Schreeder, Wheeler and Flint, LLP (SWF) acted as escrow agent for the loan transactions holding in escrow over $66,500.00 of the stated loan amounts. Another $29,500 was held back in the custody of Pacman. See [Docs. 26-6 and 26-8]. Of the escrow holdback amounts held by Pacman, Pacman released only $4,000 to third parties who were intended beneficiaries of the amounts held in escrow. See Pacman's Memo of Law in Support of Motion to Dismiss Defendant's Counterclaims [Doc. 54-1, at p. 6]. Also, SWF refunded $6,521.55 of an escrow hold back for Georgia Department of Labor liens, almost two years after the liens were otherwise paid by Carver. [Doc. 37-1]. Several months after this lawsuit was filed, SWF filed an interpleader action to implead $60,000 it had held in escrow into the registry of this court.[1]

---

[1]  SWF from held $30,000 in escrowed funds from July 31, 2019 (3 years, 8 months) and another $30,000 since from July 31, 2020 (2 years, 8 months) until the funds were interplead in a separate interpleader action on October 17, 2022.

## II.  ARGUMENT AND CITATION TO AUTHORITY

The Court's Order dismissing the motion for leave to add counterclaims for Unjust Enrichment and Conversion was based upon the erroneous factual finding that all escrowed funds were held by the SWF. All escrowed funds were not held by SWF. The amount of $26,500 was held back from the loan proceeds in the custody of Pacman. Pacman has never accounted to the Defendant for these funds. The Court's Order [Doc. 46-1] erroneously states that:

> *"The loan agreements called for a portion of the loan proceeds to be held in escrow by SWF. (Dkt. 27 ¶ 45.) SWF was to disburse the escrowed funds to some of Defendant's creditors, including for payment on an outstanding water bill, repairs to the property, and liens owed to the Georgia Department of Labor. (Dkts. 26-6 at 5, 26-7, 26-8.) **Defendant claims Pacman (through SWF) failed to disburse approximately $96,000 in escrowed funds.** (Dkt. 27 ¶ 45.)"* (Emphasis added)

(Order at Doc. 46-1, pp. 4-5)

The funds to be used for repairs ($29,500) were not held by SWF. They were held directly by Pacman who despite having been requested to remit the funds failed and refused to do so.[2] In fact, in their motion to dismiss the Defendant's Counterclaims [Doc. 54-1], filed after entry of the Court's Order

---

[2]   It is undisputed that Oronda Smith requested that the unused escrowed funds be used to pay for insurance on the property. See affidavit of Leo Rose [Doc. 31-1, at ¶ 12]. It cannot, therefore, be creditably stated that the claims did not have facial plausibility where the claims referred to record evidence that in fact established facial plausibility in the form of the exhibits attached to the Defendant's Motion to Amend.

denying leave to amend the Defendant's Answer and Counterclaim, the Plaintiffs stated: *"the repair funds remain in escrow with Pacman"*.[3]

The Court's Order disallowing the Defendant leave to amend its Answer to add Counterclaims for Unjust Enrichment and Conversion is based, at least in part, on the erroneous factual determination that because SWF held the escrowed funds Pacman received no benefit from the funds - which funds have never been disbursed nor accounted for by Pacman.

<u>Proposed Unjust Enrichment Amendment</u>

In reference to the Unjust Enrichment Claim the Court stated:

> *Defendant falters because it cannot show a benefit conferred from Defendant to Pacman.* **The funds at issue here are in escrow with SWF, not with Pacman.** (Emphasis added)

The highlighted statement is factually false. It is the basis upon which the Court denied the Defendant's motion for leave to add, in the alternative, a counterclaim for Unjust Enrichment. Further, the 2020 loan closing statement, which was attached as Exhibit "G" [Doc. 26-8] to the Defendant's Motion for Leave to Amend, specifically stated that the $29,500 repair escrow was established with the Lender, i.e. Pacman, and not SWF.[4] Additionally, the Amended and

---

[3] Pacman's Memorandum of Law in Support of Plaintiff Pacman Properties, LLC's Motion to Dismiss Defendant's Counterclaims [Doc. 54-1, at p. 6].

[4] *"Borrower has established the Repair Escrow with Lender in the amount of $29,500 pursuant to Article IV of the Amended and Restated Loan Agreement dated as of July 31, 2020. Lender shall disburse the Repair Escrow as described therein."* July 31, 2020 Loan Closing Statement, [Doc. 24-4, at note 6].

Restated Loan Agreement, which was attached to the Defendant's Motion for Leave to Amend as Exhibit "E" [Doc. 26-6] also stated that the *"[l]ender shall retain the Repair Escrow and disburse the same as follows."* The Court's Order, therefore, errantly contradicted undisputed material factual evidence in the record at the time the Order was entered.

In assessing whether a complaint states a plausible claim, courts may consider documents attached to the complaint as part of the complaint. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012). A claim is facially plausible when the plaintiff pleads sufficient facts from which the district court may reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (2009); *Estate of Faull v. McAfee,* No. 17-12694 (11th Cir. Feb 13, 2018).

Proposed Conversion Amendment

Similarly, with respect to the Defendant's motion to add, in the alternative, a claim for Conversion, the Court stated:

> Here, Defendant alleges "[u]pon information and belief Pacman has converted the escrowed and withheld funds to its own use." (Dkt. 27 at 72.) If Defendant is alleging Pacman disposed of or otherwise used the funds for its own purpose, it has not pleaded so sufficiently. "The tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions.

Paragraph 72 of Defendant's First Amended and Restated Answer, Defenses and Counterclaim [Doc. 27] is a statement of fact alleging that Pacman converted the

escrowed funds to its own use. The statement is not a legal conclusion but instead is a clear and indisputable statement of fact which is borne out by the fact that Pacman, not SWF, held the escrowed repair funds and by the fact that Pacman has never accounted for the use of the repair escrow, except for $4,000 that it claims, without any record proof, to have expended on a building inspection report. Otherwise, at least $25,500 of the funds escrowed to Pacman by its own admission are still being held by it without ever being disbursed for the intended repairs.

While recognizing the holding in *Charter Mortgage Co. v. Ahouse*, 165 Ga. App. 497, 498 (1983) that a conversion claim is proper where a party promised to use escrowed funds for repairs but failed to use the escrowed funds for their designated purpose, the Court's Order without explanation simply stated that:

> *"as Defendant has not pleaded a proper claim for conversion, the Court need not decide this issue ,,, Defendant has not stated a viable conversion claim because it has not pleaded the essential elements. So, amendment to assert the proffered claim would be futile."*

(Order at Doc. 46-1, pp. 34-35)

Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. See *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004); *Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007). Obviously, the attempted amendment would not be futile where the proposed amendment states that *"Pacman has converted the escrowed and withheld funds to its own use"* and the

law is that a proper conversion claim is stated where the escrowed funds are not used for their designated purpose. *Charter Mortgage Co. v. Ahouse, supra.* *"Georgia law recognizes conversion where the plaintiff's claims are to specific escrow funds and when the plaintiff seeks recovery of specific proceeds collected by the defendant and then misapplied." LaRoche Industries, Inc. v. AIG Risk Management, Inc.,* 959 F.2d 189 (11th Cir. 1992). The Court's declaration that it need not decide the issue of whether a facially plausible claim for conversion was stated due to the funds being held in escrow was an abuse of discretion.

### III.   CONCLUSION

The Court's decision to disallow leave to amend the Defendant's Answer and Counterclaims was an abuse of discretion as to the Defendant's proffered counterclaims for Unjust Enrichment and Conversion. The decision was rooted in the errant factual conclusion, contradicted by record evidence, that SWF and not Pacman held the escrowed funds which were designated for repairs.

This 13th day of May 2024.

                                                            Respectfully submitted,
                                                            **WAYNE B. KENDALL, P.C.**

                                                            /s/ *Wayne B. Kendall*
                                                            Wayne B. Kendall
                                                            GA Bar No. 414076

155 Bradford Square; Suite B          */s/ Kimberly A. Ellison*
Fayetteville, Georgia 30215             Kimberly A. Ellison, Esq.
Telephone: (770) 778-8810             GA Bar No. 141716
Facsimile: (770) 716-2439              *Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(C).

This 13th day of May 2024.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

*/s/ Wayne B. Kendall*
WAYNE B. KENDALL
Georgia Bar No. 414076
wbkendall2@yahoo.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send a service copy via email to opposing counsel listed below.

    John A. Christy, Esq. | jchristy@swfllp.com
    Jonathan A. Akins, Esq. | jakins@swfllp.com
    Schreeder, Wheeler & Flint, LLP
    1100 Peachtree Street
    Suite 800
    Atlanta, Georgia 30309

This 13th day of May 2024.

    Respectfully submitted,
    **WAYNE B. KENDALL, P.C.**

    */s/ Wayne B. Kendall*

155 Bradford Square; Suite B    WAYNE B. KENDALL
Fayetteville, Georgia 30215    Georgia Bar No. 414076
Telephone: (678) 884-6084    wbkendall2@yahoo.com
Facsimile: (770) 716-2439

*Attorney for Defendant*